UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA LUCAS,

                          Plaintiff,

           V.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.
_____

**REPORT AND RECOMMENDATION**

06-CV-1100
(LEK/VEB)

## I. INTRODUCTION

    In September of 2005, Plaintiff Linda Lucas filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act.  Plaintiff alleges that she has been unable to work since May 31, 1999, due to various physical and mental impairments.  The Commissioner of Social Security denied Plaintiff's application.

    Plaintiff, acting *pro se*, commenced this action on September 13, 2006, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1).  Plaintiff seeks judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

     On October 20, 2008, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 18).

## II. BACKGROUND

The relevant procedural history may be summarized as follows.  In September of 2005, Plaintiff applied for DIB and SSI benefits, alleging that she had been unable to work since May 31, 1999. (T[1] at 13, 47).  The Commissioner initially denied the application on February 2, 2006.  (T at 13, 23, 214).  Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") on February 13, 2006. (T at 13, 29-32).  However, Plaintiff, in a written statement, waived her right to personally appear and testify at a hearing.  (T at 13, 33-34).

On June 27, 2006, the ALJ issued a written decision denying Plaintiff's applications for benefits.  (T at 13-22). Thereafter, Plaintiff requested review by the Appeals Council. (T at 9).  The Appeals Council denied Plaintiff's request for review on August 26, 2006.  (T at 5-7).

Plaintiff commenced this action by filing a *pro se* Complaint on September 13, 2006. (Docket No. 1).   The Commissioner filed a Brief in opposition on June 25, 2007. (Docket No. 13).  Plaintiff filed a "letter brief" on October 23, 2007. (Docket No. 17).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons that follow, it is recommended that this case be  remanded to the Commissioner for further proceedings.

---

[1] Citations to "T" refer to the Administrative Transcript.  (Docket No.8).

[2] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

### III. DISCUSSION

**A.  Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado

v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

---

[3]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.   Analysis**

   **1.   Commissioner's Decision**

The ALJ determined that Plaintiff met the insured status requirements through March 31, 2005.  (T at 15). The ALJ also found that although Plaintiff reported some earnings in 2000, 2001 and 2002, she had not earned enough to constitute engaging in substantial gainful activity. (T at 15).  The ALJ determined that Plaintiff had the following impairments considered "severe" under the applicable Social Security Act Regulations (the "Regulations"): cardiac murmur, chronic intermittent low back pain, and a psychiatric disorder (as yet undefined and untreated, but medically determinable). (T at 16). However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or equal one of the impairments listed in Appendix I of the Regulations (the "Listings"). (T at 18).

After reviewing the medical evidence, the ALJ concluded that Plaintiff has the

residual functional capacity to "lift/carry and push/pull 20 pounds occasionally, 10 pounds frequently, stand and walk about 6 hours and sit about 6 hours in an 8-hour workday, but cannot engage in repetitive pushing and pulling." (T at 19). The ALJ also determined that Plaintiff can occasionally stoop and bend, but cannot crawl. (T at 19).

The ALJ found that Plaintiff can "understand, remember, and perform simple and some complex tasks, maintain attention and concentration for tasks, attend to a routine and maintain a schedule, learn new tasks, but only can have limited interaction with the public (no more than two or three brief contacts per day)." (T at 19). The ALJ found that she can be around other employees throughout the day, but can only engage in occasional conversations. (T at 19). The ALJ found that Plaintiff can perform her past relevant work as a secretary. (T at 21).

Accordingly, the ALJ concluded that Plaintiff is not under a "disability," as that term is defined under the Act, and denied the application for benefits. (T at 21).

As noted above, the ALJ's decision became the Commissioner's final decision on August 26, 2006, when the Appeals Council denied Plaintiff's request for review. (T at 5-7).

### 2.   Plaintiff's Claims

It is well-settled that a *pro se* litigant's pleadings and submissions must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006). As such, this Court will construe Plaintiff's *pro se* submissions as arguing, *inter alia*, that the Appeals Council erred by failing to consider additional evidence submitted after the ALJ rendered his decision.

Under the Act, a claimant may "submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision." 20 C.F.R. §§ 404.970, 416.1470;

see also Perez v. Chater, 77 F.3d 41, 44 (2d Cir.1996).

"If the new evidence relates to a period before the ALJ's decision, the Appeals Council shall evaluate the entire record including the new and material evidence submitted ... [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." Id.

To obtain a review of the additional evidence, the claimant must establish that "the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." Sergenton v. Barnhart, 470 F.Supp.2d 194, 204 (E.D.N.Y.2007) (citing Lisa v. Sec'y of Health & Human Servs., 940 F.2d 40, 43 (2d Cir.1991)).

Evidence is "material" if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." Id. If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." Shrack v. Astrue, 608 F.Supp.2d 297, 302 (D.Conn.2009).

     **a.    Treating Physician's Rule**

In this case, Plaintiff submitted a Physician's Statement prepared by Dr. Amogechukwu N. Okonkwo, M.D. and dated May 31, 2006. (T at 219) subsequent to the hearing before the ALJ. It appears that Dr. Okonkwo was a treating physician, although the record was not developed in this regard. Notably, the doctor's statement was prepared prior to the issuance of the ALJ's decision on June 27, 2006. Thus, it is relevant with respect to Plaintiff's condition during the time period for which benefits were denied. Dr.

Okonkwo opined that Plaintiff was not capable of any employment activity due to chronic back pain, chronic obstructive pulmonary disease ("COPD"), and valvular heart disease. (T at 219). He further indicated that the impairment was expected to last for more than one year. (T at 219).

Nevertheless, the Appeals Council denied review with the conclusory statement that the information from Dr. Okonkwo "does not provide a basis for changing the Administrative Law Judge's decision." (T at 6). Under the circumstances, and particularly given Plaintiff's *pro se* status, this was plainly insufficient and a remand is required.

Under the "treating physician's rule," the Commissioner must give controlling weight to the treating physician's opinion when the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000).[4]

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, the Commissioner may nonetheless give it "extra weight" under certain circumstances. In this regard, the following factors should be considered when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5)

---

[4]"The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No.03-Civ.0075, 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6); see also de Roman, 2003 WL 21511160, at *9; Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir.1998); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) .

"[W]here newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion." James v. Commissioner of Social Security, No. 06-CV-6180, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009); Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.1999)(holding that the Commissioner "is required to explain the weight it gives to the opinions of a treating physician"); 20 C.F.R. § 404.1527(d)(2) ( "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

"Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell, 177 F.3d at 134; see also Farina v. Barnhart, No. 04-CV-1299 (JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan.18, 2005) (remanding for further proceedings where the Appeals Council failed to acknowledge receipt of new evidence from claimant's treating physician and failed to "provide the type of explanation required under the treating physician rule" when denying review)).

Likewise, in this case, the Appeals Council was obligated to provide an explanation for his decision not to afford controlling weight to an assessment apparently provided by Plaintiff's treating physician. No such explanation was provided. The summary statement that the additional information presented by Plaintiff did "not provide a basis" for changing the ALJ's decision is insufficient as it frustrates meaningful review by this Court and

provides the Plaintiff with no material information to explain why Dr. Okonkwo's opinion was rejected. Stadler v. Barnhart, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006) (concluding that the Appeals Council erred by "fail[ing] to follow the requirements of the Commissioner's regulation in summarily concluding, without 'good reasons' stated, that the new evidence submitted by plaintiff's counsel to it was insufficient to disturb the ALJ's determination" (quoting Rice v. Barnhart, No. 03-CV-6222, 2005 WL 3555512, at *13 (W.D.N.Y. Dec. 22, 2005)).

Moreover, even if the Appeals Council's summary statement is construed as a finding that Dr. Okonkwo's assessment was contradicted by the other evidence of record and/or insufficiently supported, as suggested by the Commissioner, the Council should have notified the *pro se* Plaintiff of this fact and given her an opportunity to obtain supplemental information before denying her appeal. Cf. Cruz v. Sullivan, 912 F.2d 8, 12 (2d Cir. 1990) ("We have repeatedly stated that when the ALJ rejects the findings of a treating physician because they were conclusory or not supported by specific clinical findings, he should direct a *pro se* claimant to obtain a more detailed statement from the treating physician."); see also Echevarria v. Sec'y of Health and Human Services 685 F.2d 751, 756 (2d Cir. 1982)("Before the ALJ can reject an opinion of a *pro se* claimant's treating physician because it is conclusory, basic principles of fairness require that he inform the claimant of his proposed action and give him an opportunity to obtain a more detailed statement.").

The Commissioner argues that Dr. Okonkwo's finding of disability was not controlling because the ultimate determination of disability is reserved to the Commissioner. This is a correct statement of the law. However, that fact does not relieve the Appeals Council of

its obligation to provide good reasons for rejecting the assessment of a treating physician. Snell, 177 F.3d at 134 ("Reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, but it does not exempt administrative decisionmakers from their obligation . . . to explain why a treating physician's opinions are not being credited.").

Finally, to the extent that Dr. Okonkwo's assessment was found to be contradicted by, or in conflict, with the findings of other treating or consultative sources, the Commissioner had an independent obligation "to resolve the inconsistency [between the opinions of the treating source and other sources]," by "secur[ing] additional evidence and interpretation or explanation from the treating source(s) and/or consulting source(s)." Schisler v. Bowen, 851 F.2d 43, 47 (2d Cir.1988).

The foregoing failures are particularly problematic due to Plaintiff's *pro se* status. The Second Circuit has clearly stated that the Commissioner's duties are "heightened" when a claimant proceeds *pro se.* Moran v. Astrue, 569 F.3d 108, 113 (2d Cir. 2009).

Specifically, the Commissioner must "adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered" and by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts." Id. (alterations original, citations omitted)). "And when a claimant appears pro se and is otherwise impaired, we must 'make a searching investigation of the record to make certain that the claimant's rights have been adequately protected.'" Id.

### b. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for

a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).

For the reasons stated above, this Court recommends that this case be remanded for further proceedings consistent with this opinion. Specifically, the Commissioner should reconsider Dr. Okonkwo's report and re-evaluate the residual functional capacity assessment in light of that report.

To the extent the Commissioner concludes that report is not adequately supported, additional information should be obtained to determine what information upon which Dr. Okonkwo was basing his assessment. In the event that Dr. Okonkwo's determination is not afforded controlling weight, the Commissioner should provide "good reasons" for such a finding and should explain what weight, if any, is to be assigned to the report, as required by the applicable Regulations. See Stadler, 464 F. Supp. 2d at 190; La Patra v. Barnhart, 402 F.Supp.2d 429, 431-32 (W.D.N.Y.2005) ("The ALJ should weigh this treating source opinion in accordance with 20 C.F.R. § 404.1527(d), and reevaluate plaintiff's non-exertional limitations").

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion for Judgment on the Pleadings be DENIED, that the decision of the Commissioner be reversed, and that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings consistent with this Report and

Recommendation.

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

Dated:   September 30 , 2009

   Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

/s/ Victor E. Bianchini
Victor E. Bianchini
United States Magistrate Judge

September 30, 2009